### C. M. Woods et al., Defendants in Error, v. R. C. Cox, Plaintiff in Error.

1. ARBITRATION AND AWARD—*when special plea bad.* In an action upon a written submission to arbitration, *held* that the particular plea interposed was fatally defective which sought to charge such written submission to be under the statute.

2. PLEADING—*when special plea bad.* A special plea is bad if at its commencement it professes to meet the whole declaration, but presents no answer whatever to a part thereof.

3. PLEADING—*essentials of special plea.* Every plea should be so pleaded as to be capable of trial, and therefore must either traverse the averments of the declaration or set up new matter

of fact in avoidance, the existence of which may be tried by a jury. A plea which consists of a conclusion of law only, is bad.

Assumpsit. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

W. K. ZENDASKI, for plaintiff in error.

BARBER & BARBER, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

To the declaration of the defendants in error which consisted of the common counts and a special count predicated upon a written submission to arbitration and an award thereunder, plaintiff in error filed the following plea:

"And the defendant, etc., says that the plaintiffs ought not to have their aforesaid action against him, the defendant, because, he says, no cause of action hath accrued to the plaintiffs by reason of the submission to arbitration of the differences between plaintiffs and defendant on June 2, 1908, as averred in said declaration, for the said award gave to plaintiffs no right or cause to sue this defendant, in that the said declaration avers that the submission to arbitrate was a written agreement, which provided that if the award was not observed and performed within thirty days of the making thereof, same might be filed in any court of competent jurisdiction and final judgment entered thereon as on the verdict of a jury, etc., which said written agreement to submit said differences to arbitration was in accord with the statute in such case made and provided, and plaintiffs are restricted therein and thereby to the statutory remedy, as said parties hereto contracted and agreed upon; and this the defendant is ready to verify; wherefore he prays judgment if the plaintiffs ought to have their aforesaid judgment against him, etc."

The written submission which is set out in *haec verba* in the declaration contains, among others, the following provisions:

"It is hereby agreed that in case said award shall not be kept and performed within thirty days of the making thereof, said judgment may be filed in any court of competent jurisdiction and final judgment entered thereon as on the verdict of a jury for the sum specified in said award to be due together with the cost of arbitration and of the court; and execution may issue therefor."

A demurrer to the plea was sustained and the plaintiff in error elected to abide thereby. A default was entered for want of a plea, whereupon the court heard evidence, assessed the damages in open court and entered judgment for defendants in error for $2,048.58. The only question presented for determination is the sufficiency of the foregoing plea. It will be noted that the plea neither traverses any of the averments of the declaration nor sets up any new matter in avoidance. The only matter of fact alleged in the plea is expressly quoted from the submission as set out in the special count of the declaration. At its commencement the plea professes to answer the whole declaration and then alleges in substance that the submission to arbitration mentioned in the special count of the declaration was a statutory submission and that the award thereon can be enforced only in the statutory manner. The plea consists entirely of the conclusion of law, that since the submission provides that the successful party may file the award in court and have judgment entered thereon, it is, therefore, a statutory submission and not enforceable by an action of assumpsit.

It is an elementary rule of pleading that every plea should be so pleaded as to be capable of trial, and therefore must either traverse the averments of the declaration or set up new matter of fact in avoidance, the existence of which may be tried by a jury. A plea which consists of a conclusion of law only, is bad. The objection is not one of form, but of substance, and is properly raised by general demurrer. The plea is also bad because at its commencement it professes to

meet the whole declaration, but presents no answer whatever to the common counts. A plea must answer all it purports to answer and if there is any count of the declaration which it does not traverse or avoid the plea is obnoxious to general demurrer.

For the foregoing reasons the demurrer to the special plea in question was properly sustained. The judgment of the circuit court is therefore affirmed.

*Affirmed.*